BREAUX, C. J.
The information charged the defendant with having committed a crime prohibited by section 854 of the Revised Statutes.
He was put upon his trial before a jury and found guilty.
A motion in arrest was made, and a motion for a new trial. They were overruled.
The trial judge sentenced the accused for a term of one year in the penitentiary, and to pay costs.
He appeals.
The defendant attacked the proceedings on the ground that section 854 of the Revised Statutes has been repealed by Act No. 107, p. 161, of 1902; that the court was without jurisdiction; and that the intent to commit a felony was not proven.
The statute which defendant says had repealing effect relates to vagabondage and is germane to and forms part of section 3880 of the Revised Statutes, and does not relate to section 854 of the Revised Statutes, which prohibits entering a dwelling house in the daytime with intent to steal. This was the crime charged against defendant, and of which he was found guilty.
There is nothing inconsistent between the statute (section 854) and Act 107, p. 161, of 1902.
The purpose of each is distinct and separate. One seeks to protect the dwelling house and the other seeks to put an end to vagabondage.
Evidently it never entered the mind of the legislator, in inserting a section in the statute (Act No. 107, p. 161, of 1902) against vagabondage (germane to the crime denounced by section 3880 of the «Revised Statutes), to repeal section 854 of the Revised Statutes *752 directed against those who enter a dwelling house with intent to steal. The latter is a substantive offense.
The title of the statute in question, as well as the text, and the text of the Revised Statutes, show the decided difference between the two offenses. Act No. 107, p. 161, of 1902, grades misdemeanor and other minor offenses; section 854 denounces entering any-dwelling house in the daytime with intent to steal—two distinct purposes relating to distinct, substantive crimes, differing in character and gravity.
¡ The further contention is made on behalf óf defendant that it was not shown that there was an intent on his part to commit felony within the house.
| The testimony showing that the accused entered a dwelling house with intent to steal less than $20 may not be a felony. Granted that in itself the “intent to steal less than $20” makes the crime a misdemeanor, falling exclusively within the jurisdiction of the inferior city criminal court for trial; the crime denounced by section 854, including the two, intent to steal, and entering a dwelling house, falls within the jurisdiction of the district court.
| The purpose of Act No. 107, p. 161, of 1902, was to bring within the jurisdiction of the First and Second criminal courts certain minor offenses therein named, among others, vagabondage.
. But this statute, Act No. 107, had no such effect upon the cited section of the Revised Statutes as is contended for by defendant.
If it was the intention to steal less than $20, it does not lessen the gravity of the •' crime here charged, viz., of entering a dwelling house with intent to steal.
The evil of each of the offenses combined, that is, first, entering a dwelling house, second, with intent to steal, is greater when combined than it was before they were combined.
Entering and stealing is the offense, of which the district court has jurisdiction.
The argument, in addition, brings up the question of intent, and urges that it was to commit a misdemeanor and not a felony.
The jury decided the question of fact; that is, of entering a dwelling house with intent to steal. As denounced it is a felony.
After having heard the testimony touching the entering, also touching the taking of old clothes from .the house entered, they found the facts showing intent. It does not show that in thus finding they committed any error which falls within oar jurisdiction to review.
The intent is charged in the indictment. The jury, as it was its duty to do, if proven, held that it was proven.
It only remains for us to affirm the judgment.
It is affirmed.